UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS J. ESCOBAR,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERMAN, et al.,<br><br>Defendants. | Case No. 17-cv-04238-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff presents many allegations regarding different incidents at three different prisons. Federal Rule Civil Procedure 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]" *Id.*

It is true that Fed. R. Civ. P. 20(a) provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." However, "[a] buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id.* at 607.

2

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id*. at 837.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). But a prison official only violates the Eighth Amendment when two requirements are met. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). First, the plaintiff must satisfy an objective requirement by showing that the deprivation alleged poses "a substantial risk of serious harm." Farmer, 511 U.S. at 834. Second, the plaintiff must satisfy a subjective requirement by showing that the prison official inflicted the deprivation with a "sufficiently culpable state of mind," which in prison conditions cases is one of "deliberate indifference" to inmate health or safety. *Id*. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837.

Plaintiff presents many allegations regarding various incidents that occurred at the Substance Abuse Treatment Facility ("SATF"), High Desert State Prison ("HDSP") and Salinas Valley State Prison ("SVSP"). Substance Abuse Treatment Facility and HDSP are located in the Eastern District of California. The defendants and claims associated with these claims are dismissed without prejudice from this action and plaintiff should file a new action in the Eastern District of California. This case will focus on the events at SVSP which is in this district.

3

Plaintiff states that after his arrival at SVSP he was placed in a double cell and never had an Institutional Classification Hearing to determine why he should not continue in a single cell. Plaintiff states he has various psychological illnesses and a week later his cellmate attacked him. The amended complaint is dismissed with leave to amend to provide more information and present a cognizable claim.

To the extent that plaintiff presents a failure to protect claim he must describe the events surrounding that attack by his cellmate, how the specific defendants were deliberately indifferent and how it relates to his psychological problems, which he should also describe. Similarly, to the extent that plaintiff contends that he should not have been placed in a double cell; he must provide more information to state an Eighth Amendment claim regarding his psychological problems and why placing him in a double cell violated his constitutional rights. Plaintiff should describe the specific actions of each named defendant. The second amended complaint should only present allegations regarding defendants and events at SVSP.

**CONCLUSION**

1.  The amended complaint is **DISMISSED** with leave to amend. Claims and defendants regarding SATF and HDSP are dismissed from this action and plaintiff should file a complaint in the Eastern District of California to pursue those claims. This action continues with respect to the claims and defendants at SVSP. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2.  It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

4

Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 8, 2018

JAMES DONATO
United States District Judge

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

DENNIS J. ESCOBAR,

    Plaintiff,

v.

SCOTT KERMAN, et al.,

    Defendants.

Case No. 17-cv-04238-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dennis J. Escobar ID: #:E-14934
High Desert State Prison (HDSP)
P.O. Box 3030, B4-120-L
Susanville, CA 96127

Dated: February 8, 2018

    Susan Y. Soong
    Clerk, United States District Court

    By:_____
    LISA R. CLARK, Deputy Clerk to the
    Honorable JAMES DONATO